

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERTO RAUL SAAVEDRA,

    Plaintiff,

-against-

PICK & PACK PRODUCE INC., et al.,

    Defendants.

20-CV-3326 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter dated December 8, 2020 (Joint Ltr.) (Dkt. No. 45), seeking approval of the parties' fully-executed Settlement Agreement (Ag.) (Dkt. No. 45-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants Pick & Pack Produce Inc. d/b/a Lydig Pick & Pack and Yoon Jai Lee to pay $20,000.00 to settle this action. Ag. ¶ 1(A). This sum was arrived at after arms-length bargaining before a neutral mediator, *see* Joint Ltr. at 1, and according to the parties represents approximately 57% of plaintiff's estimate of his actual damages (not including liquidated damages, attorneys' fees, or costs) should he succeed on all issues at trial. *Id.* at 2. Of that sum, $12,793.34 will go to plaintiff Alberto Saavedra in full settlement of his claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), *id.* ¶ 1(A)(i), and $7,206.66 will go to plaintiff's attorneys for their fees and expenses. *Id.*; *see also* Joint Ltr. at 2.

    The Agreement includes a unilateral but limited release, in which plaintiff releases defendants, as well as certain affiliated individuals, from all "wage and hour claims[.]" Ag. ¶ 5. There is also a non-disparagement clause, which includes the following carve-out: "Nothing herein shall be construed to preclude any Party from discussing or disclosing the facts alleged in this litigation, any factual or legal positions taken by the parties that relate to the allegations in this

litigation, any truthful statements about [Plaintiff's] experience [in this] litigation[,] this Lawsuit[,] or this settlement." Ag. ¶ 4. Because of the carve-out, the Court finds the non-disparagement clause acceptable. *See Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.) (non-disparagement clause "must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case") (internal quotation marks omitted; modifications in original). The proposed attorneys' fee award is equivalent to one-third of the gross settlement payment, which according to the parties "constitutes the number reflected in Plaintiff's retainer agreement," Joint Ltr. at 2, and which is lower than counsel's lodestar, as revealed by the attorney time records submitted to the Court. (Dkt. No. 45-3.)[1]

Plaintiff's counsel also seeks to recover $550 in costs, which includes $400 for the filing fee and $150 in service fees. Joint Ltr. at 2. However, notwithstanding this Court's express direction that plaintiff support "[a]ny proposed award of fees and costs" with "copies of . . . expense records, properly authenticated" (Dkt. No. 44 at 2), plaintiff did not submit any expense records. I cannot approve expenses based merely on a letter submitted by counsel. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 601-02 (2d Cir. 2020) (approving expenses to the extent "documented . . . in the receipts and invoices submitted by counsel"); *Blackman Plumbing Supply, Inc.*, 2020 WL 2771008, at *17 (E.D.N.Y. May 4, 2020) (recommending that no expenses beyond the filing fee be awarded where counsel "fail[ed] to provide the underlying documentation such as invoices,

---

[1] According to those time records, plaintiff's counsel, Lia Stillman, charged $350 per hour for the work she performed on this case from April 3 through October 7, 2020, except for August 12, 2020, when she charged $700 for one hour of work, and August 14, 2020, when she charged $350 for half an hour of work. After October 7, 2020, attorney Stillman appears to have charged $300 per hour for her remaining work on this case. (Dkt. No. 45-3.) It is likely that some of these entries were made in error. However, even if I assume that counsel's true rate was $300 per hour throughout the engagement, the fee award sought would be lower than her hypothetical lodestar. Under these circumstances, counsel's probable record-keeping errors do not require further analysis.

receipts or other documentary proof"), *report and recommendation adopted,* 2020 WL 2769266 (E.D.N.Y. May 28, 2020); *Piedra v. Ecua Rest., Inc.*, 2018 WL 1136039, at *20 (E.D.N.Y. Jan. 31, 2018) (rejecting expenses beyond filing fee because "the Court cannot simply accept at face value the other costs that plaintiff's counsel seeks, such as service of process and translator services, without additional supporting documentation for those costs"). Here, as in *Piedra*, 2018 WL 1136039, at *20, the Court takes judicial notice of the $400 filing fee but cannot approve the additional, undocumented $150 expense reimbursement sought. Moreover, given the clarity of the Court's direction on this point, leave to supplement the expense submission would be inappropriate.

Consequently, the application for approval of the Agreement is DENIED without prejudice to the submission of a renewed motion limiting the award of fees and expenses to $7,056.66 (one-third of the total settlement consideration plus the $400 filing fee), with the balance going to the plaintiff on whose behalf the suit was brought.[2] Any such renewed motion shall be filed no later than **January 5, 2021**, and may take the form of a letter-motion and/or stipulation advising the Court that the parties have agreed to cap the aggregate award of fees and expenses to plaintiff's counsel at $7,056.66.

Dated: New York, New York  
      December 21, 2020

**SO ORDERED.**

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

[2] In *Fisher*, the Second Circuit clarified that a district court, presented with an FLSA settlement which incorporates an unsupportable fee or expense award, "may not simply rewrite" the parties' agreement. 948 F.3d at 605. Instead, the court's "options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Id*. at 606.